1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9    BRIAN GRAHAM, individually,              Case No. 2:14-cv-01949-MMD-NJK

10                              Plaintiff,                    ORDER

11        v.

12   THE MIRAGE CASINO HOTEL, a Nevada
     corporation, DOES 1-10, inclusive, ROE
13   CORPORATIONS 1-10, inclusive,

14                             Defendants.

15   **I.    SUMMARY**

16          This case involves an employment dispute. Before the Court is Defendant's

17   Motion for Partial Dismissal of Plaintiff's Amended Complaint Pursuant to Fed. R. Civ.

18   P. 12(b)(6) ("Motion"). (Dkt. no. 19.) Plaintiff has filed a response (dkt. no. 20) and

19   Defendant has replied (dkt. no. 21). For the reasons discussed herein, the Motion is

20   granted.

21   **II.   BACKGROUND**

22          The following facts are taken from Plaintiff's Amended Complaint ("Complaint").

23   (Dkt. no. 15.) Plaintiff alleges that he is a Caucasian male who is over the age of forty.

24   He was employed with Defendant from 1999 until September 2, 2014. (*Id.* at 2.)

25   Plaintiff's last position before his termination was Facility Manager. During the last year

26   of his employment, between 2013 to 2014, Plaintiff's supervisor was an African

27   American male. (*Id.*) Plaintiff alleges that he was subjected to discriminatory conduct

28   and harassment based on his race and age, and his employment was ultimately

terminated in retaliation for his charge of discrimination. (*Id.* at 2-3.) He asserts as his first claim for relief violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. and Nevada state law. (*Id.* at 3-4.) Plaintiff further asserts three additional claims for negligent supervision, wrongful termination and retaliation. (*Id.* at 4-6.)

### III.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not

2

permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

## IV.    DISCUSSION

Defendant seeks to dismiss Plaintiff's first claim to the extent it alleges a hostile work environment theory of discrimination and the second, third and fourth claims for relief. (Dkt. no. 19.) In response, Plaintiff does not oppose dismissal of the fourth claim for retaliation since he has alleged retaliation as part of his first claim for relief. (Dkt. no. 20 at 8.) Defendant counters that Plaintiff's retaliation claim is insufficient whether treated as a stand-alone claim or as part of the first claim for relief. Plaintiff indicates he does not oppose dismissal of the second and third claims for negligent supervision and wrongful termination. (*Id.*) In light of Plaintiff's concession as to dismissal of his second and third claims for relief, the Court will only address Defendant's arguments that the Complaint fails to state a claim for hostile work environment discrimination and for retaliation.

### A.    Hostile Work Environment

Defendant contends that Plaintiff has failed to sufficiently plead the essential elements of his claim of discrimination based on a hostile work environment. The Court agrees.

"Hostile environment" harassment refers to situations where employees work in offensive or abusive environments. *Ellison v. Brady*, 924 F.2d 872, 875 (9th Cir. 1991). "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Sav. Bank, SFV v. Vinson*, 477 U.S. 57, 65 (1986) (citation omitted). Title VII is not a "general civility code." *Faragher v. City of*

*Boca Raton*, 524 U.S. 775, 788 (1998). A hostile work environment claim requires a plaintiff to establish three essential elements: (1) plaintiff was "subjected to verbal or physical" because of his race or age; (2) "the conduct was unwelcome;" and (3) "the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Manatt v. Bank of America,* 339 F.3d 798, 798 (9th Cir. 2003) (citation omitted).

Plaintiff alleges that the discriminatory conduct to which he was subjected consisted of "unfair criticism, unfair negative evaluations and reviews; unequal treatment compared to employees of other races; disparate treatment as opposed to other similarly situated employees of the Defendant; being placed on a performance improvement plan which was implemented to assist in terminating Plaintiff; the denial of various workplace rights and protections by Defendant; retaliatory conduct directed at the Plaintiff including a wrongful termination and other adverse conduct which created an overall pervasive hostile work environment." (Dkt. no. 15, ¶ 10.) These allegations fail to support a claim for hostile work environment. Plaintiff does not allege what verbal or physical conduct he was subjected to or whether the conduct was sufficiently severed as to alter his work environment. Plaintiff alleges "ongoing harassment" that "created an overall hostile work environment." (*Id.,* ¶ 11.) However, such formulaic recitation, without any factual allegations, fails to meet Rule 8's pleading requirements. *See Twombly*, 550 U.S. at 555.

The Complaint fails to state a claim for discrimination based on a hostile work environment in the first claim for relief.

### B.    Retaliation

Defendant argues that Plaintiff cannot meet the heightened "but for" causation standard established under *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 133 S. Ct. 2517 (2013). Plaintiff counters that at the pleading stage, he is not required to satisfy this heightened requirement. The Court agrees with Plaintiff. In *Nassar,* the Supreme Court addressed the proper standard of causation for retaliation claim under Title VII. The

4

Court determined that "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m)." *Id.* at 2533. The Court did not modify the prima facie case of a retaliation claim.

To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in an activity protected under Title VII, (2) "the employer subjected him to an adverse employment action, and (3) there was a causal link between the protected activity and the employer's action." *Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir. 1987).  Plaintiff has failed to plead sufficient facts to establish a prima facie case.

Plaintiff alleges he filed a charge of discrimination with the Nevada Equal Rights Commission in 2014. (Dkt. no. 15, ¶ 26.) Plaintiff generally claims that "Defendant wrongfully terminated Plaintiff in a retaliatory manner after the filing of his charge of discrimination. (*Id.*, ¶ 12.) In his first claim for relief, Plaintiff makes only general references to retaliation. (*Id.*, ¶ 15.) Such conclusory allegation is insufficient to state a claim. Thus, while Plaintiff concedes dismissal of his fourth claim for relief as being redundant since his first claim includes a claim for retaliation, the Court finds that the first claim does not state such a claim.

The fourth claim for relief appears to satisfy Rule 8's pleading requirements to the extent Plaintiff is asserting a claim for retaliation under Title VII. Plaintiff alleges that he was subjected to "adverse and retaliatory conduct," including "unfounded disciplinary actions and being placed on an [sic] performance improvement plan designed to harm the Plaintiff," and termination in September 2014. (*Id.*, ¶ 27.) He alleges that Defendant's retaliatory conduct "is causally linked to Plaintiff's exercise of protected conduct." (*Id.*, ¶  28.) However, Plaintiff does not identify whether the fourth claim is based on Title VII or state law.

Because of the foregoing deficiencies, the Court will dismiss Plaintiff's retaliation claim, whether stated as part of the first claim or as a stand-alone fourth claim for relief.

///

///

5

**C.     Leave to Amend**

Plaintiff requests leave to amend to assert a claim for discrimination based on a hostile work environment should the Court find that this claim is not sufficiently pled. Because the Court "should freely give leave to amend when justice so requires," the Court will grant Plaintiff leave to amend to assert a claim for hostile work environment discrimination and retaliation. *See* Fed. R. Civ. P. 15(a)(2); *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 19) is granted. The second and third claims for relief are dismissed. The claims for discrimination based on a hostile work environment (part of the first claim) and claims for retaliation (part of the first claim and the fourth claim) are dismissed without prejudice and with leave to amend.  Plaintiff is given fifteen (15) days to file an amended complaint.

DATED THIS 4th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE