UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN GRAHAM, individually,<br><br>                    Plaintiff,<br>     v.<br><br>THE MIRAGE CASINO HOTEL, a Nevada corporation, DOES 1-10, inclusive, ROE CORPORATIONS 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:14-cv-01949-MMD-NJK<br><br>ORDER |

**I.    SUMMARY**

This case involves an employment dispute. Plaintiff Brian Graham claims he was placed on an improvement plan and eventually fired in retaliation for filing a complaint with the Nevada Equal Rights Commission ("NERC"). Defendant The Mirage Casino-Hotel ("The Mirage" or "Defendant") has filed a Motion for Summary Judgment ("Motion") on Graham's sole claim. (ECF No. 46.) Graham filed a response (ECF No. 49) and Defendant filed a reply (ECF No. 52). Having reviewed these documents, and for the reasons discussed herein, the Motion is granted.

**II.    BACKGROUND**

Graham filed this suit after being dismissed from The Mirage, where he had been employed since 1999. (ECF No. 42 at 2.) Graham held a number of positions at The Mirage. His most recent position was Facilities Manager. (*Id.*) As Facilities Manager,

Graham oversaw a number of employees, including three leads who helped him manage his department. (ECF No. 46 at 3.) As of December of 2013, Graham's direct supervisor was Matthew Swanhart, the Director of the Facilities Department. (*Id.*) Swanhart reported to Anthony Williams, the Vice President of Facilities, who in turn reported to Trevor Scherrer, the President. (ECF Nos. 47-4 at 5; 47-2 at 6.)

In December of 2013, Swanhart expressed concerns about Graham's job performance to Williams. Williams and Swanhart agreed to place Graham on a Performance Improvement Plan ("the Plan") which identified certain areas that required improvement and required Graham to take steps to address those areas. (ECF No. 47-4 at 8-9.) Graham was initially placed on a 90-day plan in January of 2014, but was informed that the 90 days would be restarted in March, after he had taken some time off. (ECF No. 42 at 2-3.) Though being placed on the Plan did not guarantee that Graham would eventually be fired, both Graham and his supervisors understood that an improvement plan was often a precursor to termination. (ECF No. 49 at 5; ECF No. 52 at 4.)

Graham filed a Charge of Discrimination ("Charge") with NERC on March 18, 2014. (ECF. 46-3.) The Charge claimed that Graham was being mistreated by The Mirage due to his race, physical disability, and age. (*Id.*) NERC sent a notice of the Charge to MGM Resorts International (The Mirage's parent company) on March 27, 2014. (ECF No. 46-4.)

On September 2, 2014, The Mirage terminated Graham's employment. (ECF No. 47-7 at 19.) The ultimate decision to discharge Graham was made by Scherrer. (ECF No. 47-2 at 7, 19-21.)

Graham filed a complaint alleging several claims for relief. (ECF No. 1.) After discovery closed, the Court dismissed a number of claims and allowed Graham to amend his complaint. (ECF No. 37.) Graham filed a Second Amended Complaint. (ECF No. 38.) After Defendants filed a motion to dismiss, Graham agreed to voluntarily dismiss several claims, leaving the single retaliation claim at issue here. (ECF No. 41.)

Graham filed a Third Amended Complaint asserting only the retaliation claim. (ECF No. 42.) Defendants now move for summary judgment on that remaining claim. (ECF No. 46.)

## III.     LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250–51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's

requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am. NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. The Plan

As an initial matter, The Mirage has produced unrebutted evidence that it was not aware Graham had filed the Charge when it decided to reset his 90-day improvement plan in March of 2014, and only became aware of the Charge several days afterwards.[1] (ECF No. 46-4.) Therefore, the March 2014 decision to restart the Plan cannot be the basis for a retaliation claim. Graham must rely on his eventual discharge in September of 2014 as the adverse action to support his retaliation claim.

### B. The Termination

Defendant argues that after discovery, Graham cannot produce any evidence that his firing was related to the Charge. In other words, he cannot meet the heightened "but for" causation standard established under *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 133 S. Ct. 2517 (2013). In *Nassar,* the Supreme Court addressed the proper standard of causation for retaliation claim under Title VII. The Court determined that "Title VII

---

[1] The Charge is dated March 18, 2014. (ECF No. 46-3.) Graham was informed the Plan would restart at a meeting on March 25, 2014, when he returned to work after a leave of absence. (ECF No. 47-1 at 18.) The Notice of Charge of Discrimination from the Nevada Department of Employment, Training and Rehabilitation, informing MGM Resorts International (the Mirage's parent company) of the Charge is dated March 27, 2014. (ECF No. 46-4.)

4

retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m)." *Id.* at 2533. Defendant argues that the only evidence Graham relies on, supportive testimony from subordinates, is inapposite to the question of the motivation for his firing.

Graham counters that the timing of the firing and conflicting assessments of Graham's performance between his subordinates and his superiors are circumstantial evidence that Defendant's' proffered reasons for Graham's termination are a pretext, and the true reason he was fired was because of the Charge. (ECF No. 49 at 14-16.)

Title VII makes it unlawful for an employer to discriminate against any employee "because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he had made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation requires a showing that: (1) the plaintiff engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal link exists between these two events. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir.2002). Thereafter, the burden of production shifts to the employer to present legitimate reasons for the adverse employment action. Once the employer carries this burden, the plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext for retaliation. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003), as amended (Jan. 6, 2004). A plaintiff can show pretext in two ways: either "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Stegall* 350 F.3d at 1068 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). A plaintiff must present "very little evidence" of pretext to survive summary judgment. *Id.* at 1072.

The parties do not dispute that Graham engaged in a protected activity and suffered an adverse employment action. Defendant argues, however, that Graham has

5

not produced any evidence from which a reasonable juror could conclude that his termination was linked to his Charge, or for that matter, that Defendant's proffered reason is a pretext. As support, Defendant has produced deposition testimony from Graham's supervisors indicating that he was placed on the Plan months before he filed his Charge because of concerns about his job performance. (ECF No. 47-4 at 8-9.) Defendant has also produced evidence that the decision to terminate Graham was made based on his failure to improve under the Plan. (ECF No. 47-2 at 15-19.) Assuming that Graham has met his burden to establish a prima facie case of retaliation, Defendant has satisfactorily met their burden of establishing a legitimate reason for terminating his employment. Therefore, Graham must show at least some evidence, direct or circumstantial, that creates a factual dispute about whether Defendant's reasons are a pretext.

Graham's response, which is heavy on insinuation and light on evidence, argues that it is clear from the record that his job performance improved in a manner that should have satisfied his supervisors, making it clear that basing his dismissal on his performance was a pretext. However, the only evidence he points to in support of his theory is the deposition testimony of his subordinates (the leads), who say that his communication with them improved substantially while he was on the Plan. (ECF No. 49 at 18-19.)

Even if the Court fully credits the leads' testimony, and disregards inconsistent evidence,[2] this simply does not create a dispute about a material fact. Graham does not dispute that his supervisors first notified him about their concerns with his performance months before he filed the Charge. The Mirage has also produced evidence that Graham was not making improvements under the Plan before he filed the Charge. (ECF No. 47-4 at 10; 47-5 at 12; 47-7 at 16.) Even assuming Graham's leads testified that

---

[2]Though the leads indeed told Scherrer that they believed Graham was improving in certain respects, they also told him that Graham "might not be the best manager — or be the best person for the position." (ECF No. 47-8 at 4; *see also* ECF No. 47-2 at 17.)

6

their communication with Graham improved exponentially, this speaks to only one of the concerns identified by Graham's supervisors as early as January of 2014. For example, the Plan also called for improvement in responding to emails, preparing for meetings, and communicating with superiors. (ECF No. 46-1 at 2-3.) The leads' testimony at best calls into question Graham's superior's evaluation of one aspect of a multi-point improvement plan. As The Mirage correctly argues, Scherrer made the final decision to terminate Graham after meeting with the leads and supervisors. Scherrer testified that the leads did in fact point out areas of improvement, but he ultimately decided to fire Graham because the leads declined to offer a ringing endorsement, and the supervisors were all in agreement that Graham's performance had not improved. (ECF No. 47-2 at 15-19.) In other words, the fact that the leads testified that Graham's communication skills were improving is entirely consistent with Scherrer deciding to fire Graham for permissible reasons. It does not create any factual dispute that the proffered reasons are a pretext. This evidence, viewed in the light most favorable to Graham, does not meet the low evidentiary bar required to defeat summary judgment on a retaliation claim.

Even viewing the evidence and making reasonable inferences in his favor, Graham has failed to produce evidence that creates a material dispute about Defendant's justification for terminating his employment. As such, he has failed to identify genuine issues for trial. Therefore, Defendant's Motion is granted.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's Motion for Summary Judgment (ECF No. 46) is granted.

///

7

The Clerk is directed enter judgment in favor of The Mirage and to close this case.

DATED THIS 22nd day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

8